**Dennis BATES and Karon Bates, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**TENCO SERVICES, INC., Continental Service Co., and the United States of America, Defendants.**

**Civ. A. No. 2:87–1313–8.**

United States District Court,
D. South Carolina,
Charleston Division.

Sept. 24, 1990.

Edward J. Westbrook, Annetta C. Riley, Charleston, S.C., for plaintiffs.

Timothy W. Bouch, Charleston, S.C., for Tenco Services.

Richard H. Willis, Columbia, S.C., for Continental Service Co.

John D. Beling, Dept. of Justice, Washington, D.C., for U.S.

## ORDER

BLATT, Senior District Judge.

This matter is before the court on Defendant Tenco's Motion to Stay, Reconsider and to Certify Pursuant to 28 U.S.C. § 1292. Also before the court is Defendant Continental's Motion to Amend Order, To Certify for Appeal and to Stay and Reconsider Order which is substantially the same as Tenco's motion. Both motions contain requests for the following: that this court reconsider its order of September 6, 1990 granting plaintiffs' motion for class certification; that this court certify its prior order for interlocutory appeal; and, that this court modify its prior order to retain court-control of the notice given to class members.[1] Plaintiffs oppose the request to certify the order for appeal and the request to reconsider the grant of class action status. However, plaintiffs do not oppose court direction and control of the notice given to class members.

After due consideration of the pending motions, this court remains convinced that this case is appropriate for class certification. Furthermore, this court does not feel that its order granting class certification is one appropriate to be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Title 28, Section 1292(b) of the United States Code grants discretion to the

---

1. Counsel for Defendant United States has informed this court, by letter dated September 19, 1990, that the government is considering joining the motions filed by its co-defendants. If the United States moves to join Tenco and Continental and presents any caselaw or evidence which differs from that currently presented to the court, this court may review the question of certification again, at that time.

district court to certify an interlocutory decision for appeal if such decision involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

There is no new or novel legal issue presented here for an interlocutory review. *In Re Folding Carton Antitrust Litigation,* 75 F.R.D. 727, 739 (N.D.Ill.1977). The question of class certification has been thoroughly briefed and argued by both sides of the docket. There is no dearth of precedent for the application of Rule 23 criteria to the facts presented in determining the propriety of class certification, which was well-presented by counsel and carefully considered in this court's September 6 order. As with any adversarial process, there will always be some difference of opinion. The statute requires that there be a controlling question of law and *substantial* grounds for difference of opinion. This court finds neither of these requirements present here.

Relying on dicta in *Katz v. Carte Blanche Corporation,* Tenco argues that "the possibility of prejudice" and "the possibility of considerable wasted trial time and litigation expense" satisfy the requirements of § 1292(b). *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 756 (3d Cir.1974). Its reliance is misplaced. The *Katz* court is careful to point out that those are but factors in determining whether the policies favoring interlocutory appeal are implicated. *Id.* Further, the prejudice found to have befallen on the defendant in *Katz* was of a nature unique to the defendant's type of business and to the particular cause of action. The possibility of prejudice complained of by Tenco and Continental is the expense of conducting a class action lawsuit, which is simply a factor present in any class action suit. Moreover, factors such as the scope of discovery, the expenditure of litigation resources, and judicial economy were considered by this court in analyzing the superiority of use of the class action device over other methods of conducting litigation in the September 6, 1990 order. The class certification order is without the kind of special factors which are needed to bring it within the purview of § 1292. *Kramer v. Scientific Control Corp.,* 534 F.2d 1085, 1087 (3d Cir.1976); *Ungar v. Dunkin' Donuts of America, Inc.,* 531 F.2d 1211, 1213 (3d Cir.1976), *cert. denied, Ungar v. Dunkin' Donuts of America, Inc.,* 429 U.S. 823, 97 S.Ct. 74, 50 L.Ed.2d 84 (1976).

For the reasons stated herein, defendants' requests for certification for appeal are denied.

With regard to the request for a modification of the notice provisions of its September 6, 1990, this court will amend its order to require plaintiffs' counsel to submit to defense counsel a proposal for the form, content and manner of notice to be given class members. If the parties are unable to reach an agreement as to the notice to be provided, within ten days from the date of this order, plaintiff's counsel shall notify this court of the impasse. Thereafter, this court will take appropriate action to resolve any conflict. By agreeing to the form, content and manner of notice as herein requested by the court, defendants are not waiving their right to object, on any possible later appeal, to this court's order certifying the class. In accordance with the foregoing, an amended order will be issued forthwith.

IT IS SO ORDERED.